## L. E. Moore v. James B. Snowball et al.

Decided June 29, 1904.

1.—Sheriff's Sale—Inadequacy of Price—Res Judicata.

An adverse judgment rendered against a plaintiff, in an action to re-cover land sold under judgment for taxes, on the ground that it was void for want of citation and because the property, part of which was homestead, was sold in bulk does not preclude the plaintiff from thereafter maintaining, in the nature of a bill in equity, suit to set aside the sheriff's deed on ac-count of irregularities in the sale and the grossly inadequate price paid for the property.

2.—Sheriff's Return—Evidence to Contradict—Notice.

A judgment debtor may contradict an officer's return upon the notice of sale by testimony that he was never served where the action is a direct attack upon the return, but not in a collateral proceeding.

3.—Judgment Debtors—Recovery of Property—Return of Purchase Price.

Judgment debtors, having recovered their proportionate interest in land sold under judgment for taxes, should be required to return to the purchaser at such sale only that portion of the purchase price which corresponds to their proportionate interests in the land.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Coleman & Abbott* and *W. J. Howard,* for appellant.

*Ewing & Ring* and *James R. Masterson,* for appellees.

PLEASANTS, Associate Justice.—This is a suit by appellees to set aside a sheriff's sale to appellant of certain real estate situate in the city of Houston, because of alleged irregularities in the sale and the grossly inadequate price paid by appellant for the property.

The trial in the court below by a jury resulted in a verdict and judg-ment in favor of the plaintiffs awarding to them the equitable relief sought in respect to their alleged interests in the land. The judgment awarded to James Snowball a life estate of one-third in said property upon condition that he pay to appellant the sum of $619.73 and to James B. Snowball a one-third interest in fee simple in said property subject to said life estate, upon condition that he pay to appellant the sum of $1139.46. It was further adjudged that James Snowball recover of appellant $1272, and James B. Snowball recover the sum of $424, as their respective shares of the rents collected by appellant from said property.

For the purposes of this opinion the foregoing is a sufficient statement of the nature and result of the suit.

The controlling question on this appeal is whether the evidence is sufficient to sustain appellant's plea of res adjudicata. We certified this question to the Supreme Court and their answer thereto sustains the judgment of the court below. The certificate prepared by this court, which is copied in the opinion of the Supreme Court delivered on May

30, 1904, 98 Texas, ——, in answer to said certified question contains a full statement of all the material facts disclosed by the record, and we refer to the statements therein made as our conclusions of fact.

It would serve no useful purpose to discuss in detail the various assignments of error presented by appellant. It is sufficient to say that all of said assignments except assignment number 6 are based upon the assumption that the judgment in the former suit between appellant and appellees, by which the title to the property which forms the subject matter of the present suit was adjudged to be in appellant, was conclusive of appellees' right to recover upon the cause of action herein set up. Under the opinion of the Supreme Court before referred to none of said assignments can be sustained.

The sixth assignment predicates error upon the ruling of the trial court in allowing the appellees over appellant's objection to contradict the officer's return upon the notice of sale by testifying that they were not served with a copy of said notice.

The rule which appellant invokes to sustain this assignment applies only when an officer's return is sought to be impeached in a collateral proceeding.

One of the main grounds of relief set up in the petition was the failure to give appellees notice of the sale, and it is specifically alleged that the return upon the notice of sale was false. The suit being one between the judgment debtor and the purchaser at the execution sale to set aside the sale under the allegations above set out the proceeding is a direct attack upon the return, and therefore the evidence complained of was admissible. Kempner v. Jordan, 7 Texas Civ. App., 275.

By cross-assignments the appellees complain of that portion of the verdict of the jury which fixes the amounts that appellees are required to return to appellant as a condition for the recovery of the land.

The evidence upon this issue is undisputed and the assignments must be sustained.

Appellees were not the sole owners of the property at the time of the sale, and they recovered only their respective interests therein. It follows that they should only be required to return to appellant that portion of the purchase money paid by him which corresponds to their proportionate interests in the land. The amount paid by appellant for the whole of the property was $1660. James Snowball, who owned a life estate of one-third in all of the property, was 54 years old at the time of the trial in the court below. The parties admitted that the proper mode of ascertaining the value of a life estate of one 54 years old was to calculate interest at 6 per cent upon the sum, to the income of which he would be entitled, and multiply the amount thus found by 8.827. Thus, as matter of uncontroverted proof and admission, the proportionate part which appellees' interest bore to the total, $1660, is capable of mathe-

matical demonstration as shown by the following statement copied from appellees' brief:

"One-third of $1660 equals.......................... $553.33 1-3

"$553.33 1-3 multiplied by 6 per cent equals.......... 33.20

"33.20 multiplied by 8.827 equals.................... 293.056

"Six per cent interest on $293.056 from the date of the sheriff's deed, to wit, August 4, 1898, to the date of the verdict and judgment, to wit, January 17, 1903, equals ........................................ 78.294

"Making the sum returnable by James Snowball........ 371.35

"Deducting from $1660 the sum of $293.056........... 1,366.944

"One-third of $1366.994 equals...................... 455.648

"Six per cent interest on $455.648 from the date of the sheriff's deed, to wit, August 4, 1898, to the date of the verdict and judgment, to wit, January 17, 1903, equals ........................................ 121.729

"Making the sum returnable by James B. Snowball......$ 577.37"

That portion of the judgment of the court below complained of by the cross-assignments will be reversed and judgment here rendered fixing the amounts adjudged against appellees in the respective sums above stated, with interest thereon at 6 per cent per annum from the date of the judgment of the court below.

*Reversed and rendered.*